UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                        Case Number 11-20455

v.                                                        Honorable David M. Lawson

JOHN MCDONALD LAWRENCE,

        Defendant.
_____/

## ORDER DENYING MOTION FOR RETROACTIVE APPLICATION OF DRUG QUANTITY GUIDELINES

The defendant pleaded guilty to one count of conspiring to possess with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(a)(ii)(11).  On March 28, 2012, he was sentenced to 240 months in prison.  On October 10, 2014, the defendant filed a motion for retroactive application of a two-level reduction in the offense level for certain drug crimes that was enacted by Amendment 782 of the United States Sentencing Guidelines.  The Court has reviewed the motion and now finds that it must be denied because the defendant was not sentenced based on a guideline range that subsequently was lowered by the Sentencing Commission.

"[T]he Sentencing Commission adopted amendment 782 to the Guidelines," in 2012, which "reduced the base offense level by two levels for most drug offenses." *Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018) (citing U.S.S.G. App. C, Amend. 782).  "The Commission later made amendment 782 retroactive for defendants who . . . already had been sentenced under the higher offense levels." *Ibid.* (citing U.S.S.G. Amend. 788).  Section 3582(c)(2) of Title 18 of the United States Code "authorizes a district court to reduce a defendant's sentence if the defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Ibid.*

Before he pleaded guilty, the government filed an information giving notice of a penalty enhancement under 21 U.S.C. § 851, and because of the defendant's prior felony drug conviction he was subject to a mandatory minimum term of 240 months, which was higher than the otherwise applicable guideline range of 168 to 210 months.  Thus, "the defendant was not sentenced based on a guideline range that has since been lowered by the Sentencing Commission"; "[i]nstead, his guideline range was the lowest possible term of imprisonment allowed by his statute of conviction," and "Amendment 782 [did] not lower any statutory penalties."  *United States v. Dobbins*, No. 12-167, 2019 WL 1768862, at *1 (E.D. Tenn. Apr. 22, 2019) (citing *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) ("[A] defendant subject to a statutory mandatory minimum sentence is not eligible for a reduction under § 3582(c)(2) because Amendment 706 does not lower the defendant's applicable guideline range.").  Because the defendant was not sentenced based on a guideline range that later was lowered, he is not eligible for application of the two-level reduction enacted by Amendment 782.

Accordingly, it is **ORDERED** that the defendant's motion for retroactive application of sentencing guidelines (ECF No. 116) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  July 16, 2020