UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MCDONALD LAWRENCE,

      Petitioner,

                                                                      Case No. 11-20455
v.                                                           Honorable David M. Lawson

UNITED STATES OF AMERICA,

      Respondent.
_____/

## ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE COURT OF APPEALS

This matter is before the Court on the petitioner's second motion to vacate his sentence under 28 U.S.C. § 2255. The petitioner previously filed a section 2255 motion, which was denied by the Honorable Avern Cohn, who was assigned to the case originally. Because the present motion is the petitioner's second motion filed under section 2255, the Court must transfer the case to the court of appeals to determine whether the petitioner may file a successive motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

On October 17, 2011, petitioner John McDonald Lawrence pleaded guilty to an indictment charging him with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(11). Judge Cohn sentenced him to a 240-month term of imprisonment. On March 26, 2013, Lawrence filed a motion under section 2255 to set aside his conviction or modify his sentence. He argued that he received ineffective assistance of counsel in his plea and sentencing proceedings. The Court denied his motions and denied a certificate of appealability as to all issues raised in the motion to vacate sentence. On June 29, 2020, the

petitioner's case was reassigned to the undersigned. On June 28, 2023, the petitioner filed a second motion to vacate his sentence under 28 U.S.C. § 2255.

An individual seeking to file a second or successive motion under section 2255 first must ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a defendant files a second or successive motion to vacate his sentence in the district court without preauthorization from the court of appeals, the district court must transfer the motion papers to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The petitioner cannot proceed with his present motion without first obtaining permission to file a second or successive motion to vacate from the court of appeals. Therefore, the Clerk of Court must transfer the motion papers to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

-3-

Accordingly, it is **ORDERED** that the Clerk of Court **TRANSFER** the petitioner's motion to vacate sentence (ECF No. 150) to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date:   June 30, 2023